UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| RANDALL E. BURNS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:13CV88 CDP |
| ) | |
| TRACY CARLSON, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before me on plaintiffs' amended complaint. Plaintiff Amanda Burns is incarcerated at the Women's Eastern Reception Diagnostic and Correctional Center. Under 28 U.S.C. § 1915A, I am required to conduct an initial review of any complaint filed by a prisoner and dismiss the action if the allegations are frivolous, malicious, or fail to state a claim upon which relief can be granted. After careful review, I have determined that the action must be dismissed.

An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a

claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiffs Randall and Amanda Burns bring this action under 42 U.S.C. § 1983 for alleged deprivations of their constitutional rights. Currently before the Court is plaintiffs' second amended complaint. The second amended complaint is signed by Amanda Burns only. The previous iterations of the complaint were signed only by Randall Burns. Twice I have ordered plaintiffs to submit a complaint signed by both parties in accordance with Rule 11. Plaintiffs' noncompliance is grounds for dismissal under Rules 11 and 41(b) of the Federal Rules of Civil Procedure.

The allegations in the complaint do not state a claim upon which relief can be granted. Defendants are Tracy Carlson, a prosecutor for Linn County; Linn County, the City of Brookfield, and other unknown persons. Plaintiffs allege that Amanda Burns was injured in a bar fight. They maintain that Amanda Burns was not at fault, and they wanted Carlson to file charges against the person who started the fight. They assert, in a wholly conclusory matter, that Randall Burns was arrested instead on baseless charges. And they assert that the "Defendants control law enforcement personnel who have a policy of ignoring crimes committed by certain 'privileged' members of the community who are, for all intents and purposes, 'above the law.'"

"Civil rights pleadings should be construed liberally. At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). This action must be dismissed because the complaint contains only conclusory allegations and fails to allege any facts, which if proved, would afford a basis for the granting of relief.

Furthermore, the complaint is legally frivolous as to defendant Carlson because where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

A separate Order of Dismissal will be filed contemporaneously.

Dated this 13th day of November, 2013.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE